FILED
06-04-2019
CIRCUIT COURT
DANE COUNTY, WI
2019CV001527
Honorable Valerie L.
Bailey-Rihn
Branch 3

STATE OF WISCONSIN     CIRCUIT COURT     DANE COUNTY

SANDRA TROHA and
BRIAN TROHA,
825 West Street
Stoughton, WI 53589
        Plaintiffs,

vs.

**SUMMONS**

DEAN HEALTH PLAN, INC.,
c/o CT Corporation System,
301 S. Bedford Street, Suite 1,
Madison, WI 53703,

WEA INSURANCE CORPORATION,
45 Nob Hill Road
Madison, WI 53713, and

STATE FARM MUTUAL AUTOMOBILE INSURANCE CORPORATION,
c/o Corporation Service Company,
8040 Excelsior Drive, Suite 400
Madison, WI 53717,

        Involuntary Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CORPORATION,
c/o Corporation Service Company,
8040 Excelsior Drive, Suite 400
Madison, WI 53717,

Personal Injury - Auto: 30101
Amount Claimed Exceed $5,000.00

        Defendant.

THE STATE OF WISCONSIN

To each person named above as Defendant:

        YOU ARE HEREBY NOTIFIED that the plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

EXHIBIT **A**

Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the Statutes. The answer must be sent or delivered to the Court, whose address is Dane County Courthouse, 215 S. Hamilton Street, Madison, Wisconsin 53703, and to Eisenberg Law Offices, S.C., Plaintiffs' attorneys, whose address is 308 E. Washington Avenue, P. O. Box 1069, Madison, Wisconsin 53701. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

If you require the assistance of auxiliary aids or services because of a disability, call 608-266-4678 (TDD 608-266-9138) and ask for the court ADA Coordinator.

Dated this 4th day of June, 2019.

EISENBERG LAW OFFICES, S.C.

Stephen J. Eisenberg
State Bar No.: 01018930
308 E. Washington Avenue
P. O. Box 1069
Madison, WI 53701-1069
(608) 256-8356
Attorneys for Plaintiffs

2

Case 2019CV001527　　Document 1　　Filed 06-04-2019　　Page 3 of 12

FILED
06-04-2019
CIRCUIT COURT
DANE COUNTY, WI
2019CV001527
Honorable Valerie L.
Bailey-Rihn
Branch 3

STATE OF WISCONSIN　　CIRCUIT COURT　　DANE COUNTY

SANDRA TROHA and
BRIAN TROHA,
825 West Street
Stoughton, WI 53589

　　　　Plaintiffs,

vs.

**COMPLAINT**

DEAN HEALTH PLAN, INC.,
c/o CT Corporation System,
301 S. Bedford Street, Suite 1,
Madison, WI 53703,

WEA INSURANCE CORPORATION,
45 Nob Hill Road
Madison, WI 53713, and

STATE FARM MUTUAL AUTOMOBILE INSURANCE CORPORATION,
c/o Corporation Service Company,
8040 Excelsior Drive, Suite 400
Madison, WI 53717,

　　　　Involuntary Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CORPORATION,
c/o Corporation Service Company,
8040 Excelsior Drive, Suite 400
Madison, WI 53717,

　　　　Defendant.

Personal Injury - Auto: 30101
Amount Claimed Exceed $5,000.00

---

　　　　Plaintiffs, Sandra Troha and Brian Troha, by their attorneys, Eisenberg Law Offices,

S.C., by Stephen J. Eisenberg, as and for a cause of action, allege and show to the Court as follows:

1. Plaintiffs, Sandra Troha and Brian Troha, are adult residents of Dane County, Wisconsin, and reside at 825 West Street in Stoughton.

2. Involuntary Plaintiff, Dean Health Plan, Inc., (hereafter "Dean"), whose registered agent is CT Corporation System, located 301 S. Bedford Street, Suite 1, in Madison, Wisconsin, is and was, at all times material herein, a corporation organized, authorized and licensed to do business as an insurance company in the State of Wisconsin. Involuntary plaintiff, Dean, at all times material herein, and specifically on November 18, 2016, was a health care insurance provider for plaintiff, Sandra Troha. Involuntary plaintiff, Dean, has paid for medical expenses incurred as a result of the injuries sustained by plaintiff, Sandra Troha. Involuntary plaintiff, Dean, is joined in this action pursuant to §803.03(2), Wis. Stats.

3. Involuntary Plaintiff, WEA Insurance Corporation, (hereafter "WEA"), whose registered agent is Vaughn Vance, located at 45 Nob Hill Road in Madison, Wisconsin, is and was, at all times material herein, a corporation organized, authorized and licensed to do business as an insurance company in the State of Wisconsin. Involuntary plaintiff, WEA, at all times material herein, and specifically on November 18, 2016, was a health care insurance provider for plaintiff, Sandra Troha. Involuntary plaintiff, WEA, has paid for medical expenses incurred as a result of the injuries sustained by plaintiff, Sandra Troha. Involuntary plaintiff, WEA, is joined in this action pursuant to §803.03(2), Wis. Stats.

4. Involuntary Plaintiff, State Farm Mutual Automobile Insurance Company, (hereafter "State Farm Mutual"), whose registered agent is Corporation Service Company, located at 8040 Excelsior Drive, Suite 400, in Madison, Wisconsin, is and was at all times material herein, a corporation organized, authorized and licensed to do business as an insurance company in the State

2

of Wisconsin. Involuntary plaintiff, State Farm Mutual, at all times material herein, and specifically on November 18, 2016, insured plaintiff, Sandra Troha, by a policy or policies of insurance for medical expense coverage. Involuntary plaintiff, State Farm Mutual, has paid for medical expenses incurred as a result of the injuries sustained by plaintiff, Sandra Troha. Involuntary plaintiff, State Farm Mutual, is joined in this action pursuant to § 803.03(2), Wis. Stats.

5. Defendant, State Farm Mutual Automobile Insurance Company, (hereafter "State Farm"), whose registered agent is Corporation Service Company, located at 8040 Excelsior Drive, Suite 400, in Madison, Wisconsin, is and was, at all times material herein, a corporation organized, authorized and licensed to do business as an insurance company in the State of Wisconsin. Defendant, State Farm, at all times material herein, and specifically on November 18, 2016, insured plaintiff, Sandra Troha, by a policy or policies of insurance which includes an underinsured motorist, (hereafter "UIM"), provision covering any injuries or damages to plaintiff, Sandra Troha, that may arise from negligent acts on the part of third-parties where there is not sufficient coverage on the part of the third-party to make plaintiff whole.

## FIRST CAUSE OF ACTION FOR UNDERINSURED MOTORIST CLAIM FOR INJURIES

6. Plaintiffs incorporate ¶¶ 1 through 5 as though fully set forth herein.

7. On November 18, 2016, plaintiff, Sandra Troha, was traveling northbound on Highway 51 near Stoughton, Wisconsin, and nearing the intersection with S. Brooklyn Drive. Another vehicle, owned and operated by Lisa Halverson, was traveling southbound on Highway 51

3

and negligently and recklessly turned left onto Brooklyn Drive, striking plaintiff Sandra Troha's vehicle. Lisa Halverson was intoxicated at the time of the motor vehicle crash. Halverson had a blood alcohol concentration of .276 and was subsequently convicted of OWI Causing Bodily Harm in Dane County Circuit Court on May 25, 2017, as a result of the crash.

8.    Plaintiff Sandra Troha sustained serious physical injuries to her chest, abdomen, right knee, neck, and shoulders. Plaintiff, Sandra Troha, incurred medical expenses in excess of $53,000.00, and will incur future medical expenses. Plaintiff, Sandra Troha, has sustained physical pain and suffering and emotional distress and will continue to do so in the future. Plaintiff, Sandra Troha, also sustained lost wages of $16,646.22 and may incur lost wages in the future.

9.    On or about February 12, 2019, plaintiff, Sandra Troha, settled her claim against the tortfeasor, Lisa Halverson, and her insurance company, Wisconsin Mutual Insurance Company, for the policy limits of $100,000.00.

10.    Plaintiff, Sandra Troha, complied with the procedure set forth in Vogt v. Schroeder, 129 Wis.2d 3 (1986), and was authorized by Defendant State Farm Mutual Automobile Insurance Company to accept Wisconsin Mutual's policy limits of $100,000.00 on March 8, 2019.

11.    Plaintiff Sandra Troha's damages for physical and emotional injuries exceed the amount of third-party insurance coverage available to compensate and make plaintiff, Sandra Troha, whole. Defendant State Farm Mutual Automobile Insurance Company is liable under the underinsured motorist coverage in its policy insuring plaintiff, Sandra Troha, for any damages in excess of the amount of available insurance coverage under Lisa Halverson's insurance policy with Wisconsin Mutual Insurance Company.

4

## SECOND CAUSE OF ACTION FOR LOSS OF SOCIETY AND COMPANIONSHIP

12. Plaintiffs incorporate ¶¶ 1 through 11 as though fully set forth herein.

13. As a direct and proximate result of the injuries to plaintiff, Sandra Troha, plaintiff, Brian Troha, has sustained the loss of society and companionship of his wife.

## THIRD CAUSE OF ACTION FOR BAD FAITH AND BREACH OF CONTRACT

14. Plaintiffs incorporate ¶¶ 1 through 13 as though fully set forth herein.

15. On or about March 22, 2019, plaintiffs submitted a demand/claim letter to defendant State Farm. On or about May 3, 2019, a claims adjuster for State Farm offered plaintiffs $3,000.00 to resolve the plaintiffs' UIM claims.

16. Defendant, State Farm, has committed the tort of bad faith by an insurer by: (1) making an offer of settlement that was unrealistic and bore no relation to the damage incurred by plaintiffs without any reasonable basis for doing so; and (2) in making a nonsensical offer, either knew or recklessly failed to ascertain that the plaintiffs' UIM claims were worth well in excess of $3,000.00. Plaintiff Sandra Troha has special damages of $139,526.96 (past medical expenses of $53,813.54, future medical expenses of $69,067.20, and past wage loss of $16,646.22).

17. Defendant, State Farm, has engaged in bad faith as a reasonable insurer could not and would not make an unrealistic offer or delay payment of this claim under the facts and circumstances that exist in this case.

18. Defendant, State Farm, has not paid any money on this claim, including the $3,000.00 that was offered.

5

19. Plaintiffs' contract with defendant State Farm has an implied covenant of good faith and fair dealing that exists at all times, including during the investigation, evaluation and processing of UIM claims.

20. Defendant, State Farm, has breached its contract with plaintiffs by, among other things, failing to:

    a. Take the necessary steps to fairly and independently investigate plaintiffs' UIM claims;

    b. Evaluate information on an ongoing basis in a fair and impartial manner;

    c. Pay covered losses on the UIM claims in a timely fashion;

    d. Honor its implied covenant of good faith and fair dealing under the policy;

    e. Honor other terms of the contract; and

    f. Accurately represent Wisconsin law in its dealings with its insureds.

21. As a direct and proximate cause of Defendant State Farm acting in bad faith and breaching its contract with plaintiffs, plaintiffs have sustained compensable injury and damages, including, but not limited to, severe stress and anxiety from unnecessary delays in processing their claim.

## FOURTH CAUSE OF ACTION FOR REASONABLE ATTORNEY'S FEES

22. Plaintiffs incorporate ¶¶ 1 through 21 as though fully set forth herein.

6

23. Plaintiffs are entitled to an award of reasonable attorney's fees for Defendant State Farm's unrealistic offer on plaintiffs' UIM and bad faith claims.

### FIFTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY CLAIMS AND FOR STATUTORY INTEREST PER WIS. STAT. SEC. 628.46.

24. Plaintiffs incorporate ¶¶ 1 through 23 as though fully set forth herein.

25. Plaintiffs provided all necessary and appropriate supporting information requested by State Farm, and took other steps necessary to provide State Farm with adequate proof of plaintiffs' claims and demands in excess of available third-party policy limits and the existence of certain liability on the part of State Farm.

26. No reasonable insurer under similar circumstances would have delayed payment or constructively denied liability under the UIM policy in effect at the time of Sandra Troha's accident.

27. That at all times material hereto, defendant, State Farm, was subject to Wis. Stat. Sec. 628.46, "the timely payment of claims" statute; that pursuant to said statute, all insurers, including defendant, State Farm, must pay a claim within thirty (30) days of being furnished with written notice of the claim and the amount of the claim; that said statute further provides that even if notice is not furnished as to the entire claim, any partial amount supported by written notice is overdue if not paid within thirty (30) days after such written notice is furnished to the insurer; that said statute also provides that twelve percent (12%) simple interest accrues on any overdue payments.

28. That on or about March 22, 2019, defendant, State Farm, was furnished with written notice of a claim and proof of loss, which included documentation of plaintiff Sandra Troha's

7

health care expenses in the sum of $53,813.54, wage loss totaling $16,646.22, future medical expenses of $69,067.20, and medical records confirming that plaintiff Sandra Troha sustained injuries.

29. That it is not fairly debatable that defendant, State Farm, owes said amounts, as well as an additional amount for the past and future pain and suffering, disability, loss of enjoyment of life and loss of society and companionship that plaintiffs Sandra Troha and Brian Troha have experienced and may continue to experience in the future as a consequence of plaintiff Sandra Troha's serious injuries.

### SIXTH CAUSE OF ACTION FOR PUNITIVE DAMAGES

30. Plaintiff incorporates ¶¶ 1 through 29 as though fully set forth herein.

31. The conduct of Defendant State Farm, by its employees and agents, in making an unrealistic and unreasonable offer regarding plaintiffs' underinsured claims without any reasonable basis to do so was reckless, malicious and/or an intentional disregard of the rights of plaintiffs, Sandra Troha and Brian Troha.

32. As a direct and proximate result of Defendant State Farm's conduct that was reckless, malicious and/or an intentional disregard of the rights of plaintiffs Sandra Troha and Brian Troha, Defendant State Farm is liable for punitive damages to plaintiffs.

WHEREFORE, plaintiffs, Sandra Troha and Brian Troha, demand judgment as follows:

A. Award compensatory damages in an amount to be determined at trial in favor of plaintiff, Sandra Troha, and against defendant, State Farm Mutual Automobile Insurance Company, for past and future pain and suffering, emotional distress, past and future medical expenses, and past and future wage loss;

8

B.  Award compensatory damages in an amount to be determined at trial in favor of plaintiff, Brian Troha, and against defendant, State Farm Mutual Automobile Insurance Company, for the loss of society and companionship of his wife;

C.  Award compensatory damages in an amount to be determined at trial and reasonable attorneys fees in favor of plaintiffs, Sandra Troha and Brian Troha, and against defendant, State Farm Mutual Automobile Insurance Company, on plaintiffs Sandra Troha's and Brian Troha's claim for bad faith and breach of contract;

D.  Award punitive damages in amount to be determined at trial in favor of plaintiffs, Sandra Troha and Brian Troha, and against defendant, State Farm Mutual Automobile Insurance Company, for its wrongful and unreasonable offer on plaintiffs' underinsured motorist claim and on plaintiffs' claim for bad faith and breach of contract against defendant, State Farm Mutual Automobile Insurance Company;

E.  For a determination of the subrogation rights of Involuntary Plaintiffs, Dean Health Plan, Inc., WEA Insurance Corporation, and State Farm Mutual Automobile Insurance Company;

F.  Award twelve percent (12%) interest on the amount of plaintiffs' claim and proof of loss submitted to defendant State Farm Mutual Automobile Insurance Company on or about March 22, 2019; and

G.  For costs of this action, including statutory attorneys fees and for such other and further relief to plaintiffs, Sandra Troha and Brian Troha, and against defendant, State Farm Mutual Automobile Insurance Company, as the Court may deem just and equitable.

9

Dated this 4th day of June, 2019.

EISENBERG LAW OFFICES, S.C.

Stephen J. Eisenberg
State Bar No.: 1018930
308 E. Washington Avenue
P. O. Box 1069
Madison, WI 53701-1069
(608) 256-8356

Attorneys for Plaintiffs

10